THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES D. COVE-
NEY, Relator, v. ROBERT GRIER MONROE, as Commissioner of the
Department of Water Supply, Gas and Electricity of the City of
New York, and ROBERT VAN IDERSTINE, as Deputy Commissioner
in the Borough of Brooklyn, Respondents.

*Removal of a subordinate by a deputy commissioner of New York city, after the three
months for which the authority of the commissioner may be delegated to him has
expired.*

Under section 452 of the revised charter of the city of New York (Laws of 1901,
chap. 466), authorizing the commissioner of certain of the city departments to
delegate his powers to his deputies for a time "not extending beyond a period
of three months nor beyond the term of office of such commissioner," the action
of a deputy commissioner, adjudging a subordinate guilty of charges preferred
against him and punishing him by removing him from office, if taken after the
expiration of the period of three months designated in the authorization made
by the commissioner, is a nullity.

CERTIORARI issued out of the Supreme Court and attested on the
21st day of November, 1903, directed to Robert Grier Monroe, as
commissioner of the department of water supply, gas and electricity
of the city of New York, and another, commanding them to certify
and return to the office of the clerk of the county of Kings all
and singular their proceedings had in relation to the removal of the
relator from his position as inspector of electrical conductors in the
city of New York.

*Luke D. Stapleton* [*Harlan Moore* with him on the brief], for
the relator.

*Edward H. Wilson* [*James D. Bell* and *John J. Delany* with
him on the brief], for the respondents.

HIRSCHBERG, P. J. :

In the view taken of this case it is unnecessary to consider the
voluminous evidence taken upon the trial of the charges. The
deputy commissioner of water supply, gas and electricity of the city
of New York heard the charges preferred against the relator, and
on July 24, 1903, made his determination in writing, adjudging the
relator guilty and dismissing him from service. The only authority

conferred upon the deputy commissioner to hear and determine the matter which appears in the record is an authorization made by the commissioner, dated April 15, 1903, which expressly limits the designation of power to the period of three months from and after April 16, 1903, eight days before the final action of the deputy.

The power of the commissioner to delegate to the deputy the discharge of the specific duties incident to the trial and determination of the charges in question is contained in section 452 of the revised Greater New York charter (Laws of 1901, chap. 466). · That section provides that " the commissioner at the head of each of said departments may designate one or more of said deputies, who · shall, in addition to his other powers, possess every power and perform all and every duty belonging to the office of such commissioner, so far as specified in such designation, whenever so empowered by such commissioner by written authority, designating therein a period of time, *not extending beyond a period of three months*, nor beyond the term of office of such commissioner, *during which such power and duty may be exercised*, and such designation and authority shall be duly filed in and remain of record in said department, but may be revoked at any time."

The point now under consideration relates to jurisdiction ; and the action of the deputy commissioner in determining the guilt of the relator and punishing him by removal from office having been taken after his power had expired, must be regarded as wholly unauthorized, and, as was said in *People ex rel. Tate* v. *Dalton* (158 N. Y. 204, 216), " must be treated as void and a nullity, and the relator still entitled to his position."

It follows that the determination should be annulled, with costs, and the relator restored to his position.

BARTLETT, WOODWARD and JENKS, JJ., concurred.

Determination annulled, with costs, and the relator restored to his position